Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000457
02-DEC-2015
07:50 AM

NO. CAAP-15-0000457

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ASSOCIATION OF APARTMENT OWNERS OF HOLOLANI, BY ITS BOARD OF DIRECTORS, Plaintiff/Counterclaim-Defendant/Appellants, v. LIZ MILLER, DAN MILLER, Defendants/Counterclaimants/Appellees, and JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10, Counterclaim-Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 06-1-0249(3))

ORDER DISMISSING APPELLATE COURT CASE NUMBER
CAAP-15-0000457 FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Plaintiff/Counterclaim-Defendant/ Appellant Association of Apartment Owners of Hololani's (Appellant AOAO Hololani) appeal from the Honorable Joseph E. Cardoza's May 15, 2015 "Order Granting in Part Plaintiff/ Counterclaim-Defendant Association of Apartment Owners of Hololani by its Board of Directors' Motion for Award of Attorneys' Fees and Costs Filed February 23, 2015" (the May 15, 2015 order awarding attorneys' fees and costs), because the underlying February 9, 2015 judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2014), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals from final judgments, orders, or decrees, and, "[a] post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). For example, a post-judgment order that finally determines a post-judgment motion for attorneys' "fees and interest is an appealable final [post-judgment] order under HRS § 641-1(a)." Chun v. Board of Trustees, 106 Hawai'i 416, 429 n.12, 106 P.3d 339, 352 n.12 (2005). However, an underlying appealable final judgment is a prerequisite to any circuit court order qualifying as an appealable post-judgment order. For example, the Supreme Court of Hawai'i recently held that, "[a]bsent an underlying appealable final judgment, the circuit court's rulings on a purported [HRCP] Rule 60(b) motion are interlocutory and not appealable until entry of such a judgment." Bailey v. DuVauchelle, 135 Hawaii 482, 491, 353 P.3d 1024, 1033 (2015) (citations omitted). Regarding an order awarding attorney's fees and costs, the Supreme Court of Hawai'i has noted that "such an order is not a final decision with respect to a claim for relief." Fujimoto v. Au, 95 Hawai'i 116, 136 n.16, 19 P.3d 699, 719 n.16 (2001) (citation and internal quotation marks omitted). Consequently, "[a] circuit court's order awarding attorneys' fees and costs may not be certified as a final judgment, pursuant to HRCP Rule 54(b), because such an order is not a final decision with respect to a claim for relief." Id. (citation and internal quotation marks omitted). "The entry of judgment and taxation of costs are separate legal acts." CRSC, Inc. v. Sage Diamond Co., Inc., 95 Hawai'i 301, 307, 22 P.3d 97, 103 (App. 2001) (citation, internal quotation marks and brackets omitted). "Absent entry of an appealable final judgment on the claims . . . [to which an award of attorneys' fees and costs relates], the award of attorneys' fees and costs is . . . not appealable." Fujimoto, 95 Hawai'i at 123, 19 P.3d at 706; CRSC, Inc., 95 Hawai'i at 306, 22 P.3d at 102 ("Similarly, the September 23, 1999 Order [awarding only attorneys' fees] and the February 3, 2000 Judgment [awarding only attorneys' fees] are not

appealable, and we do not have appellate jurisdiction to review them.").

In the instant case, the underlying February 9, 2015 judgment (to which the May 15, 2015 order awarding attorneys' fees and costs directly relates) fails to satisfy the requirements for an appealable final judgment, and, thus, the May 15, 2015 order awarding attorneys' fees and costs will not be eligible for appellate review until the future entry of an appealable final judgment in this case.

Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore,

> if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." . . . . If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added). When interpreting the requirements for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawai'i has explained that

3

> [i]f we do not require a judgment that resolves <u>on its face</u>
> all of the issues in the case, the burden of searching the
> often voluminous circuit court record to verify assertions
> of jurisdiction is cast upon this court. Neither the
> parties nor counsel have a right to cast upon this court the
> burden of searching a voluminous record for evidence of
> finality, . . . and we should not make such searches
> necessary by allowing the parties the option of waiving the
> requirements of HRCP [Rule] 58.

<u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (citation omitted;
original emphasis). Although the instant case is a multiple-
claim case in which Appellant AOAO Hololani's complaint asserted
three separate and distinct counts and Defendants/
Counterclaimants/Appellees Elizabeth A. Miller and Daniel P.
Miller's counterclaim asserted seven separate and distinct
counts, the February 9, 2015 judgment does not specifically
identify the claim or claims on which the circuit court intends
to enter judgment. Although the February 9, 2015 judgment
contains a statement that there are no other causes of action,
claims or other matters left to be adjudicated in this case, the
Supreme Court of Hawai'i has explained,

> <u>[a] statement that declares "there are no other outstanding
> claims" is not a judgment</u>. <u>If the circuit court intends
> that claims other than those listed in the judgment language
> should be dismissed, it must say so: for example,</u>
> "Defendant Y's counterclaim is dismissed," or "Judgment upon
> Defendant Y's counterclaim is entered in favor of
> Plaintiff/Counter-Defendant Z," or "<u>all other claims,
> counterclaims, and cross-claims are dismissed</u>."

<u>Jenkins</u>, 76 Hawai'i at 119-20 n.4, 869 P.2d at 1338-39 n.4
(emphases added). Without specifically identifying the claim or
claims on which the circuit court intends to enter judgment, and
without expressly dismissing the remaining claims, the
February 9, 2015 judgment does not satisfy the requirements for
an appealable final judgment under HRS § 641-1(a), HRCP
Rule 54(b), HRCP Rule 58 and the holding in <u>Jenkins</u>.

Absent an underlying appealable final judgment, the
circuit court's May 15, 2015 order awarding attorneys' fees and
costs is interlocutory and not eligible for appellate review
until the future entry of an appealable final judgment. <u>Bailey</u>,
135 Hawaii at 491, 353 P.3d at 1033; <u>Fujimoto</u>, 95 Hawai'i at 123,
19 P.3d at 706; <u>CRSC, Inc.</u>, 95 Hawai'i at 306, 22 P.3d at 102.
Under the present circumstances, Appellant AOAO Hololani's appeal

is still premature, and we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-15-0000457 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, December 2, 2015.


Chief Judge


Associate Judge


Associate Judge